H. Clay Keene, Esquire
Alaska Bar No: 7610110
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: info@keenecurrall.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

DONALD G. MUNHOVEN, SUANN A. MUNHOVEN,      )
DONALD T. MUNHOVEN, and SUANN A. MUNHOVEN )
as the Natural Parent and Guardian of MILES L.            )
MUNHOVEN, a Minor Child,                                                )
                                                                                          )
                        Plaintiffs,                                                  )
                                                                                          )
            v.                                                                            )
                                                                                          )
NORTHWIND MARINE, INC.,                                          )
                                                                                          )
                        Defendant.                                                )      No. K03-004 CV (RRB)
                                                                                          )

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR JURY VIEW

Plaintiffs have moved for an order permitting the jury in the above-captioned case to view the Reliance Model skiff on which Plaintiffs Donald G. Munhoven and Donald T. Munhoven were working when an explosion occurred on December 8, 2001. Permitting the jury to view the Northwind Reliance 19' skiff will not cause an unreasonable disruption of the trial proceedings, and can be accomplished in a relatively short period of time. The skiff can be parked in the parking lot of the federal building at Ketchikan, where the case is presently scheduled in this case.

//

//

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR JURY VIEW - Page 1 of 5 pages.
*Munhoven v.Northwind, Case No.* K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303-A/Memorandum Re Jury View

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

I.      Facts.

Plaintiffs Donald G. Munhoven and his wife, Suann Munhoven, purchased a Reliance model aluminum boat designed and manufactured by Northwind Marine in March 1998. The aluminum skiff is 19' in overall length, with an aluminum deck and a center, stand-up steering console. The skiff was used by Plaintiffs as a workboat and as transportation between Plaintiffs' home on Pennock Island and the City of Ketchikan.

On November 10, 1999, Plaintiff Donald G. Munhoven discovered the aft compartment of the skiff was taking on water from cracks that had formed on the welded joints of the skiff. Mr. Munhoven immediately notified Northwind about the cracks in the skiff. Northwind's President, Bruce Reagan, agreed that Northwind would repair the skiff at no cost to Plaintiffs. Arrangements were made for the skiff to be shipped to Northwind's facility in Washington where Northwind would repair the skiff. The skiff was shipped to Northwind for repairs on March 10, 2000.

The skiff was returned to Plaintiffs by Northwind without satisfactorily repairing the skiff. Mr. Munhoven immediately told Northwind that whatever repairs had been made did not fix the cracks that had developed in the skiff. In particular, Mr. Munhoven informed Northwind that the transom and cap rail of the skiff required reinforcing to repair existing cracks and prevent further cracking. Northwind authorized Mr. Munhoven to have the repairs performed in Ketchikan at Northwind's expense. Mr. Munhoven had the repairs made in Ketchikan at his own expense and Northwind has not reimbursed Plaintiffs for the costs of the repairs.

During the fall of 2001, Mr. Munhoven and his son, Plaintiff Donald T. Munhoven, suspected that water was accumulating in the center, below-deck compartment of the skiff. Mr. Munhoven suspected that water was entering the below-deck compartment through a seam in the

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR JURY VIEW - Page 2 of 5 pages.**
*Munhoven v.Northwind, Case No.* K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Memorandum Re Jury View

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

hull of the skiff.    On December 8, 2001, Mr. Munhoven and his son, Plaintiff Donald T. Munhoven, cradled the skiff from Plaintiffs' dock on Pennock Island at low tide in order to examine the bottom hull of the skiff for cracks.  Mr. Munhoven intended to use an electric wheel grinder to remove the bottom paint from the hull of the skiff to enable a better examination of the hull seam for cracks.    Plaintiff Donald T. Munhoven stood on the wooden dock, above the suspended skiff, while Mr. Munhoven inspected the bottom hull of the skiff.

When Mr. Munhoven touched the wheel grinder to the hull of the skiff, a violent explosion occurred.  The explosion caused the deck of the skiff to peel back from the forward bulkhead to the aft bulkhead.  The force of the explosion threw Mr. Munhoven back against a piling of the dock.  Mr. Munhoven suffered a fracture to his right clavicle, a lumbar strain, ruptured disks, loss of a tooth, cracked teeth, chronic headaches, and hearing loss.  Donald T. Munhoven was thrown backwards onto the deck of the dock and sustained a concussion, shoulder injury, severe chronic headaches, and hearing loss.

## II.    Legal Argument.

Jury views are demonstrative evidence and granting a motion for view is within the sound discretion of the trial court.  <u>Jones on Evidence §15.22</u>.  A jury view should be permitted where oral testimony on the use of diagrams is not sufficient to accurately describe or convey the significance of the evidence offered at trial.  Requests for jury views should be granted where the view will serve a useful purpose and not cause an unreasonable delay in the trial proceedings.

Allowing the jury to view the Reliance Model skiff is necessary in this case for a number of reasons.  First, it will aid the jury in better understanding the evidence presented.  Second, it

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR JURY VIEW - Page 3 of 5 pages.**
*Munhoven v.Northwind, Case No.* K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Memorandum Re Jury View

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

1    will aid the jury in weighing the evidence and assessing the credibility of witnesses. Third, it will

2    aid the jury in measuring the extent of Plaintiffs' damages.

3        To deny the jury the opportunity to view the Reliance Model skiff would result in too

4    much emphasis being placed on the courtroom presentation of witness testimony and not enough

5    on the informed, impartial, independent judgment of the jury. If jurors are not permitted to view

6    the skiff they will be forced to rely on two-dimensional pictures of the damaged skiff which are of

7    limited value in fully appreciating the extent of damage to the skiff or in assessing the force of the

8    explosion. Additionally, two-dimensional pictures are not able to convey the dimensions of the

9    skiff nor the location of the skiff's component features. In particular, two-dimensional pictures

10   cannot meaningfully show the location of the below-deck center compartment of the skiff relative

11   to the remainder of the skiff, including the fuel tank, fuel line, and the area of the skiff where

12   limber holes should have been placed to properly ventilate the fully contained below-deck center

13   compartment.

14       Permitting the jury to view the skiff will not cause an unreasonable disruption of the trial

15   proceedings, and can be accomplished in a relatively short period of time. The skiff will be

16   located in the parking lot of the federal building in which the Federal District Court is located.

17   Jurors would simply take the elevator to the first floor, exit the building, and view the skiff in the

18   parking lot adjacent to the federal building. The time from when the jury leaves the courtroom

19   until the jury returns to the courtroom should not take more than thirty minutes.

20   **III.    Conclusion.**

21       Permitting the jury to view the Reliance Model skiff will aid the jury in understanding and

22   weighing the evidence, in assessing the credibility of witnesses, and in measuring Plaintiffs'

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR JURY VIEW - Page 4 of 5 pages.**
*Munhoven v.Northwind, Case No.* K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Memorandum Re Jury View

damages.    Oral testimony and two-dimensional pictures of the damaged skiff can neither

accurately describe or fully convey the force of the explosion nor the location of the below-deck

compartment relative to the remainder of the skiff.    The jury view is not expected to take more

than thirty minutes and will not unreasonably delay the trial proceedings.    Plaintiffs' Motion for

Jury View should be granted.

Dated this _____ day of January 2006.

KEENE & CURRALL
A Professional Corporation
Attorneys for Plaintiff

By _____
H. Clay Keene, ABA No. 7610110
Keene & Currall
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: 907/225-4131
Fax: 907/225-0540
Email: info@keenecurrall.com

**Certificate of Service**
This certifies that I am an authorized agent of Keene &
Currall, for service of papers pursuant to Civil Rule 5, and
that on the _____ day of **January 2006**, I caused a true and
correct copy of the foregoing to be:

■-**Faxed to No. 907/277-1331**
□-Hand Delivered
■-**Mailed**
□-Delivered to the court receptacle

to the following:

Andrew Guidi, Esquire
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501-1990

By _____
Keene & Currall

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR JURY VIEW - Page 5 of 5 pages.**
*Munhoven v.Northwind, Case No.* K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Memorandum Re Jury View

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131