H. Clay Keene, Esquire
Alaska Bar No: 7610110
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: info@keenecurrall.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONALD G. MUNHOVEN, SUANN A. MUNHOVEN, DONALD T. MUNHOVEN, and SUANN A. MUNHOVEN as the Natural Parent and Guardian of MILES L. MUNHOVEN, a Minor Child,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWIND MARINE, INC.,<br><br>Defendant. | No. K03-004 CV (RRB) |

### PLAINTIFFS' MOTION IN LIMINE NO. 2

Come now Plaintiffs, by and through their attorney, H. Clay Keene of Keene & Currall, and move this Court for an order in limine pursuant to Federal Rule of Evidence 402 and 403, precluding defendant from submitting any argument or testimony at trial, or from asking any questions during voir dire, which relate in any way to persons who have been injured or killed in explosions while welding on boats in the Ketchikan area.

This motion is supported by the memorandum of law filed herewith.

**PLAINTIFFS' MOTION IN LIMINE NO. 2 - Page 1 of 2 pages.**
*Munhoven v. Northwind, Case No. K03-004 CV (RRB)*
st/Sharon on Server/c:Munhoven, Don/22.303.A/Motion in Limine No. 2

Dated this 9th day of January 2006.

        KEENE & CURRALL
        A Professional Corporation
        Attorneys for Plaintiff

By _____
    H. Clay Keene, ABA No. 7610110
    Keene & Currall
    540 Water Street, Suite 302
    Ketchikan, Alaska 99901
    Phone: 907/225-4131
    Fax:   907/225-0540
    Email: info@keenecurrall.com

**Certificate of Service**
This certifies that I am an authorized agent of Keene & Currall, for service of papers pursuant to Civil Rule 5, and that on the 9TH day of **January 2006**, I caused a true and correct copy of the foregoing to be:

■-**Faxed to No. 907/277-1331**
□-Hand Delivered
■-**Mailed**
□-Delivered to the court receptacle

to the following:

Andrew Guidi, Esquire
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501-1990

By _____
    Keene & Currall

**PLAINTIFFS' MOTION IN LIMINE NO. 2 - Page 2 of 2 pages.**
*Munhoven v. Northwind*, Case No. K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Motion in Limine No. 2

H. Clay Keene, Esquire
Alaska Bar No: 7610110
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: info@keenecurrall.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONALD G. MUNHOVEN, SUANN A. MUNHOVEN, DONALD T. MUNHOVEN, and SUANN A. MUNHOVEN as the Natural Parent and Guardian of MILES L. MUNHOVEN, a Minor Child,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWIND MARINE, INC.,<br><br>Defendant. | No. K03-004 CV (RRB) |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 2

Plaintiffs move this Court for an order in limine pursuant to Federal Rule of Evidence 402 and 403 to preclude Defendant from submitting any argument or testimony at trial, or from asking any questions during voir dire, which relate to any person who may have been injured or killed in explosions while welding on boats in the Ketchikan area. Evidence of other persons being injured or killed while welding on boats in the Ketchikan area is not relevant to whether Defendant negligently designed and manufactured Plaintiffs' Reliance Model skiff, nor to whether Defendant breached the implied warranties of fitness and merchantability by furnishing a skiff to Plaintiffs that was not fit for its intended use, nor to whether Defendant is strictly liable for Plaintiffs'

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 2** - Page 1 of 5 pages.
*Munhoven v. Northwind*, Case No. K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Memorandum Re Motion in Limine No. 2

damages for furnishing a skiff with design and manufacturing defects that created an unreasonable dangerous condition.

Even if evidence that other persons may have been injured or killed in explosions while welding or boats in the Ketchikan area is deemed to have some probative value, any such value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury under Federal Rule of Evidence 403.

I. **Evidence that other persons may have been injured or killed in explosions while welding on boats in the Ketchikan area is irrelevant and not admissible under FRE 401 and 402.**

FRE 401 defines "relevant evidence" to mean "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 402 states that "[e]vidence which is not relevant is not admissible."

Plaintiffs are claiming damages for injuries they sustained when the Reliance Model skiff designed and manufactured by defendant exploded during routine repair work being conducted by Plaintiffs Donald G. Munhoven and Donald T. Munhoven. Plaintiffs allege Defendant is liable for their injuries for negligently designing and constructing Plaintiffs' Reliance Model skiff, for breaching the implied warranties of fitness and merchantability by providing a skiff to Plaintiffs that was not reasonably fit for its intended use, and for selling Plaintiffs' a skiff with design and manufacturing defects that created an unreasonably dangerous condition. Whether other persons have been injured while welding on boats in the Ketchikan area is not relevant to whether Plaintiffs Donald G. Munhoven and Donald T. Munhoven were injured because Defendant negligently designed and manufactured Plaintiffs' Reliance Model skiff.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 2 - Page 2 of 5 pages.**
*Munhoven v.Northwind, Case No.* K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Memorandum Re Motion in Limine No. 2

It is anticipated Defendant will argue that evidence of other persons being injured while welding on boats in the Ketchikan area is relevant to whether Plaintiffs Donald G. Munhoven and Donald T. Munhoven are contributorily negligent for their injuries. However, whatever dangers may be inherent in welding on boats does not include the unreasonably dangerous condition created by the design and manufacturing defects incorporated into Plaintiffs' Reliance Model skiff by Northwind including Northwind's failure to design and manufacture a defect-free ventilation and fuel system for the fully contained below-deck compartment of the skiff. Plaintiffs' injuries were sustained while performing routine maintenance and repair work on the skiff because of the unreasonably dangerous condition created by the design and manufacturing defects incorporated into the skiff by Northwind. Whether other persons have been injured in the Ketchikan area while welding on boats is not relevant to the determinations the jury must make in this case as to liability or contributory negligence.

II. **Evidence of injuries sustained by other persons in the Ketchikan area while welding on boats should be excluded under FRE 403.**

Even if it is determined that evidence of other persons being injured <u>in the Ketchikan area</u> while welding on boats in the Ketchikan area has some nominal probative value, such evidence must still be excluded under FRE 403. Any nominal probative value of such evidence is outweighed by the danger of unfair prejudice to the Plaintiffs, confusion of the issues which the jury is to decide, and because it will be misleading to the jury.

Evidence that other persons have been injured while welding on boats in the Ketchikan area would give an unfairly prejudicial impression that Plaintiffs should have known better than to perform routine maintenance and repair work on their skiff and that they are contributorily negligent for their injuries. Whether other persons have been injured while welding on boats in

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 2 - Page 3 of 5 pages.**
*Munhoven v.Northwind, Case No.* K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Memorandum Re Motion in Limine No. 2

the Ketchikan area is not relevant to whether Plaintiffs were injured because Defendant negligently designed and manufactured Plaintiffs' Reliance Model skiff. Allowing Defendant to present argument on testimony at trial concerning injuries sustained by others in the Ketchikan area while welding on boats would confuse and mislead the jury. Any nominal probative value such evidence may have to the issue of contributory negligence is heavily outweighed by the danger of prejudicing Plaintiffs and confusing and misleading the jury.

### III.   Conclusion.

Evidence of other persons being injured or killed by explosions while welding on boats in the Ketchikan area is not relevant to the issues the jury must decide in this case. Furthermore, any nominal probative value of such evidence is outweighed by the danger of unfair prejudicing Plaintiffs, confusing the issues, and misleading the jury. Plaintiffs' motion for an order in limine to preclude Defendant from submitting any argument or testimony at trial, or from asking any questions during voir dire, which relate to any person who may have been injured or killed in explosions while welding on boats in the Ketchikan area should be granted.

Dated this 9th day of January 2006.

KEENE & CURRALL
A Professional Corporation
Attorneys for Plaintiff

By _____
H. Clay Keene, ABA No. 7610110
Keene & Currall
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: 907/225-4131
Fax:    907/225-0540
Email: info@keenecurrall.com

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 2 - Page 4 of 5 pages.**
*Munhoven v.Northwind*, Case No. K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Memorandum Re Motion in Limine No. 2

**Certificate of Service**

This certifies that I am an authorized agent of Keene & Currall, for service of papers pursuant to Civil Rule 5, and that on the ___9TH___ day of **January 2006**, I caused a true and correct copy of the foregoing to be:

■-**Faxed to No. 907/277-1331**
☐-Hand Delivered
■-**Mailed**
☐-Delivered to the court receptacle

to the following:

Andrew Guidi, Esquire
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501-1990

By _/s/ Sharon E. Thompson_
      Keene & Currall

KEENE & CURRALL
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
540 WATER STREET, SUITE 302
KETCHIKAN, ALASKA 99901
TELEPHONE (907) 225-4131

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 2 - Page 5 of 5 pages.**
*Munhoven v. Northwind*, Case No. K03-004 CV (RRB)
st/Sharon on Server/c:Munhoven, Don/22.303.A/Memorandum Re Motion in Limine No. 2