Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
  (907) 279-3581
  (907) 277-1331 fax
*Attorneys for Defendant*
*NORTHWIND MARINE, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONALD G. MUNHOVEN, SUANN A. MUNHOVEN, DONALD T. MUNHOVEN, And SUANN A. MUNHOVEN as the Natural Parent and Guardian Of MILES L. MUNHOVEN, a Minor Child,<br><br>           Plaintiffs,<br><br>     v.<br><br>NORTHWIND MARINE, INC.,<br><br>           Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. K03-0004 CV (RRB) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JURY VIEW**

Defendant Northwind Marine, Inc.'s ("Northwind") opposes the Motion for Jury View filed by plaintiffs Donald G. Munhoven, Suann A. Munhoven, Donald T. Munhoven, and Miles L. Munhoven ("Munhoven" or "Plaintiffs").  Plaintiffs seek to have the jury view the wreck of his 19-foot aluminum skiff that exploded December 8, 2001 while he was working on its hull.  Plaintiff has failed to establish that viewing the wreckage is at all

necessary or beneficial. There are ample photographs and diagrams of the skiff. Dragging the disfigured wreck to the courthouse and parking it outside would not aid the jury's understanding in this case; it would, however, create a local spectacle that could potentially compromise the fairness of the trial and prejudice the jury. Plaintiff has not shown that he has preserved the skiff in an undisturbed condition since the accident. To the extent it has suffered continuing beach damage, any relevance a present observation of the skiff may have is further undermined and risk of prejudice added, since such additional damage may be misinterpreted as being the result of the explosion.

## I.   ARGUMENT

Allowing a view of the wreck in this case would not materially promote the jury's understanding of the issues and would exacerbate the risk of unfair prejudice. Jury views of wrecked cars have been denied in auto accident cases for similar reasons. *See Johnson by Johnson v. General Motors Corp.*, 438 S.E.2d 28, 42 (W.Va. 1993) (holding in crash worthiness action by injured minor passenger against manufacturer of automobile, trial court did not err by refusing to allow jury to view vehicle in which minor was injured, where minor's family stated that since time of their accident their vehicle had been exposed to flood conditions and other conditions which changed

appearance of vehicle, family also contended that photographs and models used at trial were sufficient, and manufacturer did not show that viewing was necessary for just decision).

No one disputes that Munhoven's boat exploded. Plaintiff has only suggested two things might be learned from a first-hand inspection of the vessel. First, the jury may derive a sense of the "force of the explosion." Plaintiffs' Memo. In Supp. at 4. Second, the jury may get a better understanding of the dimensions and configuration of the boat and its compartments. *Id.* These extremely weak rationalizations have no merit at all in this case.

Plaintiffs state they wish the jury to infer, based solely on the appearance of skiff, that a substantial amount of force must have been involved in the explosion. What plaintiffs are actually seeking is that jurors, based solely on the appearance of the skiff, draw a secondary inference: that Munhoven must have been seriously hurt. But the mere fact that the explosion involved violent forces tells us nothing about the nature of any injury it caused. For example, the position of Mr. Munhoven in relation to the boat (he was standing on the shore) and the upward direction of the blast all could have mitigated the effect of a blast (and obviously did).

At bottom, plaintiffs are attempting to induce the jury equate the appearance of the skiff with the severity of

Munhoven's physical condition and draw a conclusion as to causation based *not* on direct evidence of Munhoven's physical condition, but on the damaged appearance of his boat. It is rather like judging the injuries in an auto accident case by reference to the appearance of the car, without reference to such factors as medical testimony or whether the plaintiff was wearing a seat belt.

The observation of the wrecked skiff in this case does not shed light on whether there is a causal link between the explosion and Mr. Munhoven's current complaints of disability. Nor does it add anything to what photographs, models, or diagrams may reveal about the configuration and components of the skiff as it was originally constructed. In fact, the jury is apt to be somewhat disoriented by the exploded state of the skiff, as the pilot console is upside down and the fuel tank was removed by plaintiff to provide it to his expert for testing.

Post-accident damage to the vessel constitutes another reason for not presenting it to the jury. Defendant's understanding is that after the accident Mr. Munhoven kept the boat tied up in front of his house on Pennock Island, but that the boat was below the high tide line, so it was subjected to damage from the rocky beach. If this understanding is accurate it would be akin to an auto accident plaintiff allowing his car to be beaten on by vandals prior to trial. The fact that nature

inflicted the post-accident damage in this case hardly changes the situation.

Regardless of any post-accident damage, allowing a jury view of the skiff would engender unfair prejudice by inviting jurors to form a visceral, emotional impression at the sight of the wreck, which would compromise determination of the case on the facts. See Fed. R. Evid. 403. Furthermore, the presence of the exploded skiff in the courthouse parking lot before and during trial, particularly in a small community, would create a spectacle that potentially could make it difficult to empanel a jury and secure a fair trial.

Northwind believes a jury view of the damaged skiff would be entirely inappropriate in this case. In the event, however, that the Court permits such a view, in fairness the Court should also permit a view of a new skiff virtually identical in dimensions, configuration and appearance as Mr. Munhoven's. Northwind constructed such a skiff for Mr. Munhoven following the accident, and it remains available to be brought to Court.

## CONCLUSION

Jurors should not be placed in a position where they may be tempted to infer the nature of Munhoven's injuries from the condition of the vessel. Allowing a view would simply invite multiple elements that courts always strive to eliminate from trials: speculation, conjecture, passion and prejudice. For

these reasons, the Court should deny plaintiffs' motion for jury view.

DATED at Anchorage, Alaska this 31st day of January, 2006.

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
*Attorneys for Defendant NORTHWIND MARINE, INC.*

s/Andrew Guidi
Alaska Bar No.:  8312171
1007 West Third Avenue, Suite 400
Anchorage, Alaska   99501
PHONE:  907-279-3581/FAX:  907-277-1331

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day
of January, 2006, a copy of **DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR JURY VIEW** was served
electronically and via USPS, first class
mail, postage prepaid on:

> H. Clay Keene
> KEENE & CURRALL
> Currall Office Bldg.
> 540 Water Street, Suite 302
> Ketchikan, AK 99901

s/Andrew Guidi (113240)